

**Dated: January 06, 2022.**

_____
**TONY M. DAVIS**
**UNITED STATES BANKRUPTCY JUDGE**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 21-10090-tmd |
| | § | |
| DAVILA GENERAL CONTRACTORS, LLC | § § § | |
| | § | |
| Debtor. | § | CHAPTER 7 |

| | | |
|---|---|---|
| RON SATIJA, as Trustee of the Estate of DAVILA GENERAL CONTRACTORS, LLC | § § § § | |
| Plaintiff. | § § | |
| v. | § | ADVERSARY NO. 21-01038-tmd |
| HAZA FOODS, LLC | § § § | |
| Defendant. | § | |

### PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING REPORT AND RECOMMENDATION ON MOTION TO WITHDRAW REFERENCE

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE:**

1

The U.S. Bankruptcy Court for the Western District of Texas, Austin Division (Bankruptcy Judge Tony M. Davis), submits the following Proposed Findings of Fact and Conclusions of Law ("Proposed Findings and Conclusions") to the U.S. District Court for the Western District of Texas, Austin Division, for consideration and review, in accordance with 28 U.S.C. § 157(d), Rules 5011 and 9033 of the Federal Rules of Bankruptcy Procedure, and Local Rule 5011.

I. **Proposed Findings of Fact**

1.  On February 9, 2021, Davila General Contractors, LLC (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Texas, Austin Division (the "Austin Bankruptcy Court"), commencing the above-referenced bankruptcy case.

2.  On August 19, 2021, the Chapter 7 Trustee filed an adversary proceeding in the Austin Bankruptcy Court against Haza Foods, LLC ("Haza") and Salon Suites Memorial Gateway, LLC ("Salon Suites"), seeking turnover of property of the estate under section 542(b) of the Bankruptcy Code. Specifically, the Trustee asserted claims for contract receivables in the amount of $198,089.76 against Haza, and $227,160.40 against Salon Suites, arising from contract labor and materials provided and billed prepetition.

3.  According to Haza, the Trustee's claim against it stems from a construction contract the Debtor entered into for improvement of two fast food franchises on Haza's properties. Defendant Haza Foods, LLC's Reply to Trustee's Brief Regarding Bankruptcy Court's Role if Reference is Withdrawn 4, ECF No. 43. Haza contends that the Debtor did not complete its obligations under the contracts, leaving work uncompleted, subcontractors and materialmen unpaid, and causing liens to be filed by those creditors. *Id.*

2

4. On September 20, 2021, Haza filed a Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6) (ECF No. 5); a Notice of Non-Consent (ECF No. 6); a Demand for Jury Trial (ECF No. 7); and a Motion to Withdraw the Reference, or in the Alternative Motion to Sever and to Withdraw the Reference (the "Motion to Withdraw") (ECF No. 8).

5. On October 12, 2021, the Trustee filed Plaintiff's Opposition to Defendant's Motion to Withdraw ("Trustee's Opposition") (ECF No. 20).

6. On October 19, 2021, Salon Suites filed a Motion to Sever (ECF No. 30), requesting that the adversary proceeding against Salon Suites and Haza be split into two separate adversary proceedings, as Salon Suites and Haza are separate, unrelated entities, and the accounts receivables allegedly owed are separate and unrelated. This motion was granted on November 5, 2021 (ECF No. 38).

7. On October 28, 2021, Judge Pitman entered an Order Denying Haza Foods' Motion to Withdraw the Reference (ECF No. 33). The Court took no substantive position on Haza Foods' motion and instead deferred to the United States Bankruptcy Judge's preparation of a report and recommendation on the motion to withdraw the reference.

8. On November 12, 2021, Haza filed an Initial Supplemental Brief in Support of its Motion to Withdraw the Reference (the "Supplemental Brief") (ECF No. 41). On the same day, the Trustee filed Trustee's Brief Regarding Bankruptcy Court's Role in This Adversary if Reference is to be Withdrawn ("Trustee's Brief") (ECF No. 40).

9. On November 24, 2021, the Trustee filed a Reply to Haza's Supplemental Brief ("Trustee's Reply") (ECF No. 42). On the same day, Haza filed a Reply to Trustee's Brief ("Haza's Reply") (ECF No. 43).

## II. Proposed Conclusions of Law

10. 28 U.S.C. § 157(d) governs withdrawal of the reference. It provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

The second sentence of § 157(d) makes withdrawal of the reference mandatory. Mandatory withdrawal does not apply to this case as resolution of the proceeding does not require "consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." Rather, the issue here is whether there is a basis for permissive withdrawal of the reference "for cause shown," under the first sentence of § 157(d).

11. Courts weigh various factors in determining whether "cause" exists to withdraw the reference, including (1) whether the proceedings are core or non-core; (2) whether a jury demand has been made; (3) the effect of withdrawal on judicial economy; (4) whether withdrawal will foster uniformity in bankruptcy administration; (5) whether withdrawal will reduce forum-shopping and confusion; (6) whether withdrawal will promote economical use of resources; and (7) whether withdrawal will expedite the bankruptcy process. *See Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985).

### A. Core Versus Non-Core Proceeding

12. The first *Holland* factor is whether the claims at issue are "core" or "non-core" proceedings. Core proceedings are those "that arise in a bankruptcy case or under Title 11." *Stern v. Marshall*, 564 U.S. 462, 476 (2011). *See also Matter of Wood*, 825 F.2d 90, 97 (5th Cir. 1987) ("[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."). 28 U.S.C. §

4

157(b)(2) lists 16 examples of core proceedings, including "(E) orders to turn over property of the estate."

13. For core proceedings, bankruptcy courts may enter final judgments. *Stern*, 564 U.S. at 471. But even certain core proceedings may not be adjudicated in bankruptcy court if they are state law claims independent of a federal statutory scheme. *See Miller v. Boutwell, Owens & Co. (In re Guynes Printing Co. of Tex.)*, No. 15-cv-149-KC, 2015 U.S. Dist. LEXIS 80148, at *5 (W.D. Tex. June 19, 2015) (citing *Stern*, 564 U.S. at 492-95, 502). For non-core proceedings, bankruptcy courts must submit proposed findings of fact and conclusions of law to the district court, for that court's review and issuance of final judgment. *Stern*, 564 U.S. at 471.

14. The Trustee says that he does not assert a claim based solely on state law, and instead seeks turnover of a matured claim, payable upon demand or payable on order. Trustee's Opposition 3, ECF No. 20. The Trustee says that a contract receivable collection action can properly be brought as a turnover action. *Id.* And an action to seek turnover of property of the Estate is delineated as a core proceeding in 28 U.S.C. Section 157(b)(2)(E). Trustee's Brief 6, ECF No. 40.

15. Haza argues that characterizing a claim as a "turnover proceeding" does not necessarily make the proceeding a "core" matter, and this designation may be challenged. Haza's Supplemental Brief 2-4, ECF No. 41. Haza says that at best, this is a collection suit on a disputed contract claim, and any claims against it would be based on state law. Motion to Withdraw 2, ECF No. 8.

16. 28 U.S.C. § 157(b)(2) lists "orders to turn over property of the estate" as a core proceeding. But Congress intended § 542 to apply to claims for "'tangible property and money due to the debtor without dispute which are fully matured and payable on demand,'" not to liquidate disputed contract claims. *See Trefny v. Bear Stearns Sec. Corp.*, 243 B.R. 300, 320 (S.D. Tex. 1999) (quoting *In*

re Charter Co., 913 F.2d 1575, 1579 (11th Cir. 1990). "Unless there is no question remaining as to the liability of the defendant to the estate, such as a final judgment from a court of competent jurisdiction or a stipulation by the defendant, it cannot be said that no dispute exists . . . ." *In re Satelco, Inc.*, 58 B.R. 781, 786 (Bankr. N.D. Tex. 1986) (holding that the debtor's claims against the defendants for accounts receivable could not be enforced through a turnover order). *See Highland Capital Management L.P. v. Highland Capital Management Fund Advisors, L.P. (In re Highland Capital Management L.P.)*, No. 19-34054-SGJ, Adv. No. 21-03004, 2021 Bankr. LEXIS 1821, at *26 (Bankr. N.D. Tex. July 8, 2021) ("A turnover action under 11 U.S.C. § 542(b) cannot be tacked onto a complaint so as to confer authority in the bankruptcy court to adjudicate an otherwise non-core claim. To hold otherwise would run counter to the dictates of the Supreme Court in *Marathon*."). *See also* 1 Collier on Bankruptcy ¶ 3.02(3)(c) (16th ed. 2021) (noting that the categorization of "orders to turn over property of the estate" as core proceedings has misled some courts into expanding bankruptcy court authority beyond what is permissible under *Marathon*, and under this rationale, "every action brought by a trustee or debtor in possession to recover money or property could be characterized as a turnover proceeding, effectively eradicating *Marathon*.").

17. The Court agrees with Haza that this is a "non-core" proceeding. Haza has alleged that the turnover action is a disputed contract claim and any claims against it would be based on state law. Motion to Withdraw 2, ECF No. 8. Because the turnover action involves disputed contract claims, the bankruptcy court does not have "core" jurisdiction. Even so, the claim is "related to" the bankruptcy. And as Judge Sparks of the United States District Court for the Western District of Texas recognized when faced with a similar set of facts, when a claim is "related to" the bankruptcy, the bankruptcy court may hear the claim, even if it cannot enter final judgment. *UPH Holdings, Inc. et al. vs Leap Wireless International, Inc.*, No. A-13-CA-847-SS, Docket No. 36, at 6 (W.D. Tex. Dec. 10, 2013) (citing 28

U.S.C. §157(c); *Copeland v. Merrill Lynch & Co., Inc*. 47 F.3d 1415, 1420 (5th Cir. 1995)). In that case, the debtor sought to recover roughly $10 million in a turnover action for services provided in originating or terminating wireless calls on the defendant's behalf using debtor's telecom infrastructure. *Id.* at 1-2. The parties vigorously disputed whether any money was owed, how much money was owed, and how the calculate the amount of money owed. *Id.* at 2. Judge Sparks ultimately declined to exercise the district court's discretion to withdraw the reference under the permissive withdrawal standard of §157(d). *Id.* at 6.

18. Deciding that this is a non-core matter may support withdrawing the reference. That a bankruptcy court's determination on non-core matters is subject to de novo review by the district court could lead the latter to conclude that unnecessary costs could be avoided by a single proceeding in the district court. *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1101 (2d Cir. 1993). But this factor does not necessarily favor withdrawal of the reference at this stage of the proceeding, because the bankruptcy court can handle all pretrial and discovery matters, which "could considerably expedite the litigation" for the district court. *See Miller v. Boutwell, Owens & Co. (In re Guynes Printing Co. of Tex.)*, No. 15-cv-149-KC, 2015 U.S. Dist. LEXIS 80148, at *6, *10 (W.D. Tex. June 19, 2015) (citing *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985); *Post Confirmation Bd. of Wadleigh Energy Grp., Inc. v. Wadleigh*, 516 B.R. 850, 856 (E.D. La. 2014)).

**B . Right to a Jury Trial**

19. The second *Holland* factor is whether a party has a right to a jury trial. This factor is relevant because a bankruptcy judge lacks the authority to conduct a jury trial unless the parties consent. *See In re Clay*, 35 F.3d 190, 196-97 (5th Cir. 1994). As a result, if a party has invoked her Seventh Amendment jury trial right and does not consent to a jury trial in bankruptcy court, the reference must

be withdrawn. *City Bank v. Compass Bank*, 2011 U.S. Dist. LEXIS 129654, at *11 (W.D. Tex. Nov. 9, 2011) (citing *In re Clay*, 35 F.3d at 196-97; *Levine v. Blake (In re Blake)*, No: 07-32168, 400 B.R. 200, 205-07 (Bankr. S.D. Tex. Sept. 22, 2008)).

20. But even if a jury trial is ultimately necessary, immediate withdrawal of the reference is not required. Instead, withdrawal may be deferred until the bankruptcy court has ruled on all dispositive motions, to further judicial economy and expedite the bankruptcy process. *Levine v. M&A Custom Home Builder & Developer, LLC*, 400 B.R. 200, 203 (S.D. Tex. 2008). *See In re OCA, Inc.*, No. 06-3811, 2006 U.S. Dist. LEXIS 67035, at *13 (E.D. La. Sept. 19, 2006) ("A number of courts have held that even if a party does have a right to a jury trial, a motion to withdraw is premature until such time it is determined that a jury trial must be conducted.") (citing *Centex Landis Constr. Co. v. Harrah's Entertainment*, 1996 U.S. Dist. LEXIS 12199 (E.D. La. 1996)). *See also City Bank*, 2011 U.S. Dist. LEXIS 129654 at *17 ("A bankruptcy judge can manage the pretrial issues with the potential for de novo review in the district court. And if a jury trial becomes necessary, a party can then move to withdraw the case at that time."). This factor may favor withdrawal at some point. But it does not militate towards immediate withdrawal, as the bankruptcy court may prepare the case for trial.

**C. The Effect of Withdrawal on Judicial Economy**

21. Considerations of judicial economy also bear on the decision to withdraw the reference or refer to bankruptcy court. *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985). Given the recent decline in bankruptcy filings, it would not be a burden for the bankruptcy court to handle this matter. According to the Administrative Office of the U.S. Courts, personal and business bankruptcy filings fell 29.1 percent for the 12-month period ending September 30, 2021. *Bankruptcy Filings Continue to Fall Sharply*, UNITED STATES COURTS (Nov. 8, 2021), https://www.uscourts.gov/news/2021/11/08/bankruptcy-filings-continue-fall-sharply. This factor weighs against withdrawal of the

reference.

**D. Uniformity in Bankruptcy Administration**

22.     The district court should consider the goal of promoting uniformity in bankruptcy administration. *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985). Here, the bankruptcy court has overseen the underlying bankruptcy proceeding since February 2021, and has become familiar with the facts and parties. There are also two other pending turnover actions in this bankruptcy case, and the defendants in those proceedings may raise the same defenses as Haza. The Court agrees with the Trustee that allowing the bankruptcy court to adjudicate the issues would help ensure uniformity in the various proceedings. Trustee's Brief 7, ECF No. 40. This factor weighs against withdrawal.

**E.  Forum-shopping Concerns**

23.     Another *Holland* factor is whether withdrawal will reduce forum-shopping and confusion. *Holland*, 777 F.2d at 999. Forum-shopping raises fairness concerns, as "it is unfair for a party to have a better chance of winning the case because of the forum when the underlying law should be the same." *City Bank v. Compass Bank*, 2011 U.S. Dist. LEXIS 129654, at *16 (W.D. Tex. Nov. 9, 2011) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 74-75 (1938); Kevin M. Clermont & Theodore Eisenberg, *Exorcising the Evil of Forum-Shopping*, 80 Cornell L. Rev. 1507, 1511-12 (1995)). Here, nothing in the record suggests improper forum-shopping. This factor is neutral.

**F. Economical Use of Resources**

24.     The district court should also consider the goal of fostering the economical use of the debtors' and creditors' resources. *Holland*, 777 F.2d at 999. Here, the bankruptcy court has become familiar with the facts and parties over the past ten months. That knowledge will likely enable the bankruptcy court to move this case along more quickly than the district court and decrease costs to the

parties. This factor counsels against withdrawal of the reference.

**G. Expedited Process**

25. The final *Holland* factor is whether withdrawal will expedite the bankruptcy process. *Holland*, 777 F.2d at 999. Because the bankruptcy court is already familiar with the underlying case and the other two pending turnover actions, and has expertise in analyzing contract receivables disputes, allowing the case to proceed in bankruptcy court will expedite the bankruptcy process. This factor weighs against withdrawal.

**Conclusion**

26. After weighing the *Holland* factors, the Court concludes and recommends to the District Court that permissive withdrawal is not warranted at this time.